IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TONY M. GRAVES**                                                                                   **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 3:20CV727 HTW-LGI**

**WARDEN NASH, et. al**                                                       **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Tony Graves files the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Federal Bureau of Prison ("BOP") employees, Defendants Warden Nash, Nurse K. Stephens, Nurse S. Baymon-Allen, and Nurse Julie King. Graves alleges that he contracted tuberculosis while housed at the Federal Correctional Complex in Yazoo City, Mississippi, ("FCC-Yazoo"), and seeks two million dollars in monetary damages against each Defendant.[1] Defendants contend that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, on exhaustion and immunity grounds. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Defendants' motion be granted for the reasons that follow.

Plaintiff alleges Defendants exhibited deliberate indifference to his medical needs by exposing him to tuberculosis while he was housed at FCC-Yazoo. Prior to his arrival

---

[1] Plaintiff has since been transferred to other BOP facilities.

at FCI-Yazoo, Plaintiff alleges, and Defendants do not dispute, that he never tested positive for tuberculosis. However, Plaintiff alleges that another inmate at FCI-Yazoo, whom Defendants failed to "separate and quarantine," exposed him to the disease, which has "infected his respiratory gland/system [and] permanently damaged [him] for the rest of his natural life on earth." As evidence, the parties have both submitted medical records showing that Plaintiff successfully completed the Latent Tuberculosis treatment plan without adverse reaction in January 2019, and has never developed any symptoms. Defendants also submit Plaintiff's administrative history, and declarations from Julie King, RN, BOP's National Office of Quality Management Infection, Prevention and Control Coordinator while Plaintiff was housed at FCC-Yazoo, and Michael FiggsGanter, Attorney Advisor at FCC Yazoo.

## STANDARD OF REVIEW

Because the Defendants have submitted matters outside the pleadings with their Motion to Dismiss or, in the Alternative, for Summary Judgment, the motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). Summary judgment is appropriate only when the moving party can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is material if its resolution in favor of one party might affect the

outcome of the case. *Anderson*, 477 U.S. at 248. The evidence and any inferences therefrom are viewed in the light most favorable to the non-movant. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009).

## DISCUSSION

In *Bivens,* the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials as the counterpart for actions brought against state officials pursuant to 42 U.S.C. § 1983. *Bivens*, 403 U.S. at 389–98. Since then, the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights on two occasions: for violations of the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), and for violations of the Eighth Amendment prohibition against cruel and unusual punishment for a deceased prisoner deprived of medical attention by officials who knew of his serious medical condition, *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980)." *Butts v. Martin*, 877 F.3d 571, 571 (5th Cir. 2017) (citation omitted). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855, 198 L. Ed. 2d 290 (2017). In the decades since, "the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1865–69 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The Supreme Court has even "gone so far as to observe that if the Court's three *Bivens* cases [had] been . . . decided today, it is doubtful that [it] would have

3

reached the same result." *Hernandez v. Mesa*, — U.S.— 140 S. Ct. 735, 206 L. Ed. 2d 29 (2020) (internal quotation marks omitted) ("for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*"). The rationale being that "Congress is best positioned to evaluate whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government based on constitutional torts." *Id.* (internal quotation marks omitted).

Accordingly, lower courts should conduct a two-part inquiry to determine whether a *Bivens* remedy should be extended: (1) whether the *Bivens* claim represents a new context, and if so, (2) whether there are any existing remedial processes for addressing the alleged harm or other special factors counseling hesitation against extending *Bivens*. *Oliva v. Nivar*, 973 F.3d 438, 441–42 (5th Cir. 2020), *cert. denied,* 141 S. Ct. 2669, 210 L. Ed. 2d 832 (2021), *reh'g denied,* 141 S. Ct. 2886, 210 L. Ed. 2d 1000 (2021); *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)); *Rroku v. Cole*, 726 F. App'x 201, 205 (5th Cir. 2018) (citing *Butts*, 877 F.3d at 587). "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858. If that test were applied here, the undersigned submits that a *Bivens* remedy would likely be foreclosed.

First, while *Bivens* has been applied to Eighth Amendment claims for deliberate indifference to serious medical needs, it does not follow that Plaintiff's claim arises in the same "context." It is not enough to merely allege that BOP officials committed an Eighth Amendment violation—the same right recognized in *Carlson*. "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in

4

which a damages remedy was previously recognized." *Hernandez*, 140 S. Ct. at 743. *See also Cantu*, 933 F.3d at 422 ("What if a plaintiff asserts a violation of the same clause of the same amendment *in the same way*? That still doesn't cut it.") (emphasis in original). "[E]ven a modest extension is still an extension." *Ziglar*, 137 S. Ct. at 1864. The relevant inquiry is whether "the case is different in a meaningful way" from prior *Bivens* cases. *Ziglar*, 137 S. Ct. at 1859.[2]

In contrast to the failure-to-treat claim that resulted in a prisoner's death in *Carlson*, Plaintiff's deliberate-indifference claim does not allege that Defendants denied or otherwise deprived him of medical treatment—only that they, at most, negligently allowed him to be exposed to tuberculosis. A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). Plaintiff has not demonstrated that his tuberculosis exposure, for which he has remained asymptomatic, rises to the level of deliberate indifference. Nor has he rebutted summary judgment evidence that he received successful treatment from his diagnosis through the filing of this action and subsequent transfer to a different facility. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls,

---

[2] *Ziglar*, 137 S. Ct. at 1860 (meaningful difference may include the Constitutional right at issue, the statutory or other legal mandate under which the officer was operating, or the presence of potential special factors that previous *Bivens* cases did not consider).

examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). Moreover, the Fifth Circuit has "twice held that testing and treating inmates who were exposed to tuberculosis is enough to establish that prison officials were not deliberately indifferent to the risk of disease." *Valentine v. Collier*, 978 F.3d 154, 164 (5th Cir. 2020) (citing *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Wallace v. Dallas Cty., TX.*, 51 F.3d 1045 (5th Cir. 1995) (per curiam)). Thus, even assuming that *Bivens* was extended in this case, Plaintiff's deliberate indifference claim fails on the merits. *Hernandez v. Mesa*, 137 S. Ct. 2003, 2007, 198 L. Ed. 2d 625 (2017) ("[D]isposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy[,] *is* appropriate in many cases."

As to the second *Bivens* factor, Graves has yet to avail himself of an alternative remedial structure by seeking relief through the Bureau of Prisons Administrative Remedy Program, which permits "inmate[s] to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). It is well-settled that "the alternative relief necessary to *limit* Bivens need not provide the exact same kind of relief *Bivens* would." *Oliva*, 973 F.3d at 444. The existence of the alternative remedy alone counsels against the extension of *Bivens* to the instant case.

Even assuming *arguendo* the Court finds that a *Bivens* remedy should be extended in the instant case, as noted supra, the evidence reflects that Plaintiff has failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), no action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison, or other correctional facility until administrative

remedies have been exhausted. *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (exhaustion requirement also applies to *Bivens* actions) Inmates exhaust their administrative remedies by complying with the BOP's Administrative Remedy Program.[3] However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke*, 239 F. App'x at 86 (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion. The unrebutted summary judgment evidence in the instant case establishes that Plaintiff failed to exhaust his administrative remedies.

---

[3] 28 C.F.R. § 542.10–542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

7

To this end, Defendants submit Plaintiff's administrative history and an affidavit from Michael FiggsGanter, an Attorney Advisor at FCC Yazoo with access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies program. A search of Plaintiff's administrative remedies history reveals that he has "failed to file any administrative remedies related to the assertions contained in his complaint connected with an alleged improper exposure to tuberculosis and/or any other issue related to the conditions of his incarceration." In addition, Plaintiff has not shown or even alleged that administrative remedies were rendered unavailable to him, or that extraordinary circumstances warrant an exception to the exhaustion requirement. *See Fuller*, 11 F.3d at 62. Plaintiff must first exhaust his clams before seeking federal review.

For the reasons stated herein, the undersigned recommends that Defendants' Motion for Summary Judgment be granted with prejudice for failure to state a cognizable *Bivens* claim, or in the alternative, without prejudice for failure to exhaust administrative remedies. Because the undersigned so recommends, Defendants' arguments in the alternative need not be addressed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of

the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on June 7, 2022.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE